NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000609
30-SEP-2015
09:23 AM

NO. CAAP-12-0000609

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JOHN OLIVAS, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-0573)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee John Olivas (Olivas) with three counts of second-degree robbery. The charges stemmed from a bank robbery committed at the Wahiawā Branch of American Savings Bank and two bank robberies committed at the Mililani Town Center Branch of American Savings Bank.

During trial, Olivas moved to suppress witness identifications made during a post-arrest physical lineup and at trial, arguing that his arrest was made without probable cause and that the post-arrest witness identifications were the tainted fruit of his unlawful arrest. The Circuit Court of the First Circuit (Circuit Court)[1] granted Olivas's motion.

---

[1] The Honorable Randal K.O. Lee presided.

The State appeals from the "Order Granting Defendant's Motion to Suppress Identifications" (Order Suppressing Identifications). On appeal, the State argues that: (1) the Circuit Court erred in concluding that the police lacked probable cause to arrest Olivas; and (2) even assuming that the police lacked probable cause to arrest Olivas, the Circuit Court erred by suppressing the witnesses' in-court identifications. We affirm.

I.

We resolve the issues raised by the State on appeal as follows:

1. The Circuit Court did not err in concluding that the police lacked probable cause to arrest Olivas. The police did not have a warrant to arrest Olivas, and once Olivas challenged the lawfulness of his arrest, the State bore the burden of proving that there was probable cause for Olivas's arrest. See State v. Crowder, 1 Haw. App. 60, 66, 613 P.2d 909, 914 (1980); United States v. Porter, 701 F.2d 1158, 1165 (6th Cir. 1983).

The police included Olivas's picture in a pre-arrest photospread because M.E.[2] thought the bank robber resembled someone who had attended her middle school, whom she had not seen for over ten years. However, when M.E. was shown a photospread that contained Olivas's picture, she was unable to identify anyone as the bank robber. M.E.'s failure to identify Olivas as the bank robber in the photospread undermined the police's basis for believing that he was a suspect and for including him in the photospread. Under these circumstances, we conclude that N.V.'s identification of Olivas in the photospread was insufficient to establish probable cause to arrest Olivas and that the State failed to satisfy its burden of proving that there was probable cause for Olivas's arrest.

---

[2] The initials "M.E." are based on the person's maiden name.

2.    The Circuit Court did not err in suppressing the in-court identifications of witnesses U.R., G.S., M.E., and M.D. as the fruit of Olivas's unlawful arrest.  The State has the burden of proving that subsequently obtained evidence has been purged of the taint of an illegal arrest.  See Brown v. Illinois, 422 U.S. 590, 604 (1975);  State v. Tominiko, 126 Hawai'i 68, 81, 266 P.3d 1122, 1135 (2011);  State v. Fukusaku, 85 Hawai'i 462, 475, 946 P.2d 32, 45 (1997).

There were four witnesses who identified Olivas at trial.  However, the opportunity of these witnesses to observe the bank robber at the time of the robbery was limited.  During each bank robbery, the robber wore a hat that obscured his eyes. U.R. was the only victim teller to identify Olivas in court; the other three in-court identifiers, G.S., M.E., and M.D., were not the person who was robbed and did not have any significant interaction with the robber during the robbery.  U.R., however, did not select Olivas's picture from a pre-arrest photospread containing Olivas's picture.  The same is true of M.E.  G.S. testified that she was busy counting her receipts and closing her till and only briefly looked twice at the person she was later informed had committed the robbery.  In addition, two months passed between the time of the robbery and G.S.'s identification of Olivas at the post-arrest physical lineup.  M.D.'s observation of the person she later learned had robbed the bank was also brief, and although M.D. claimed to have identified Olivas at the post-arrest physical lineup, she informed the police at that time that she was unable to select anyone as the suspect.[3]

The Circuit Court determined that the witnesses' post-arrest lineup identifications unduly influenced their in-court identifications and that the State had failed to prove that the

_____

[3] We note that the record is silent on whether M.D. had been shown a pre-arrest photospread, and thus, the Circuit Court erred in finding that M.D. was not able to identify the male who committed the robbery in a photospread. Whether or not M.D. was able to identify the male who committed the robbery in a pre-arrest photospread is not material to our analysis.  Accordingly, the Circuit Court's erroneous finding on this point was harmless error.

in-court identifications were based on a source independent of Olivas's illegal arrest and post-arrest lineup identifications. See United States v. Crews, 445 U.S. 463, 472-73 (1980). We conclude that the State failed to meet its burden of proving that the witnesses' in-court identifications were not the tainted fruit of Olivas's illegal arrest -- that is, the State failed to show that the in-court identifications were obtained by other means sufficiently distinguishable to be purged of the taint of the illegal arrest. See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963); Fukusaku, 85 Hawai'i at 475, 946 P.2d at 45. Accordingly, we conclude that the Circuit Court did not err in suppressing the four witnesses' in-court identifications.

II.

We affirm the Order Suppressing Identifications.

DATED: Honolulu, Hawai'i, September 30, 2015.

On the briefs:

Brandon H. Ito
Deputy Prosecuting Attorney·
City and County of Honolulu
for Plaintiff-Appellant

Cynthia A. Kagiwada
for Defendant-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

4